IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

LENNIE TY DAVIDSON,

        Plaintiff,        Civil No. 10-776-AA

        v.        ORDER

MR. HOWELL, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated federal laws and his civil rights when they lost his "legal mail." Defendants now move for summary judgment (#25).

    The undisputed facts are as follows: Plaintiff was an inmate in the custody of the Oregon Department of Corrections, incarcerated at the Columbia River Correctional Institution

1 - ORDER

(CRCI), at the time of the incident giving rise to his claims in this action. On February 26, 2010, plaintiff gave defendant Howell, the Law Library Coordinator at CRCI, an envelope addressed to the Multnomah County Court Clerk along with a completed form CD28 for postage. Defendant Howell entered receipt of plaintiff's mail on the library log and delivered the envelope to the CRCI Mail Room the next business day March 1, 2010.

All outgoing mail delivered to the CRCI Mail Room is placed in a locked bin where Office Specialist Gee retrieves the mail and processes it by weighing it, placing postage on the envelopes and then placing the envelopes into a locked tub for pick up by the U.S. Postal Service. Office Specialist Gee added the postage to plaintiff's mail and forwarded the CD28 to the Oregon Department of Corrections Central Trust Unit to debit plaintiff's account. Plaintiff's trust account records show that postage in the amount of $1.00 was charged to his account on March 10, 2010.

At 10:00 a.m. on each business day, Office Specialist Gee takes the locked mail tubs from the mail room to the CRCI Visitor's Room where they are placed in a locked cage and picked up by the U.S. Postal Service the same day. When the

2 - ORDER

U.S. Postal Service picks up the mail, the CRCI mail room staff no longer has any responsibility towards the mail's delivery.

Plaintiff alleges that he was informed by his pastor that the clerk of the court told her that they never received the letter which contained "a lawsuit against the Department of Corrections." Complaint (#2) p. 2.

Plaintiff apparently seeks to hold defendant Williams liable on a theory of *res pondeat superior*. However, it is well settled that  It is  well settled that <u>respondeat superior</u> is not a proper basis for liability under 42 U.S.C. § 1983. <u>Monell v. Dept. of Social Services of City of New York</u>, 436 U.S. 658, 691-694 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362, 375-76 (1976); <u>King v. Atiyeh</u>, 814 F.2d 565, 568 (9th Cir. 1987). Absent an allegation that the named state officials were personally involved in the alleged deprivation of constitutional rights, a complaint under 42 U.S.C. § 1983 does not state a claim. See, <u>Boddie v. Coughlin</u>, 583 F. Supp. 352, 356 (S.D.N.Y. 1984); <u>Tunnell v. Office of Public Defender</u>, 583 F. Supp. 762, 767 (E.D. Pa. 1984); <u>Black v. Delbello</u>, 575 F. Supp. 28, 30 (S.D.N.Y. 1983); <u>Knipp v. Winkle</u>, 405 F. Supp. 782, 783 (N.D. Ohio 1974). A supervisor

may be liable based on his or her personal involvement in the alleged deprivation, or if there is a sufficient causal connection between the supervisor's alleged wrongful conduct and the alleged deprivation, Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989), but a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992) (quoting Hansen v. Black, supra, 885 F.2d at 646, in turn quoting Thompkins v. Belt, 828

4 - ORDER

F.2d 298, 304 (5th Cir. 1987); see also, Jane Doe A v. Special School District, 901 F.2d 642, 645 (8th Cir. 1990)("The individual defendants are subject to personal liability only if it can be proved that they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) that such failure proximately caused injury.").

Plaintiff has not alleged any facts that would subject defendant Williams to liability under the principles discussed above. Accordingly, he is entitled to judgment as a matter of law.

Plaintiff alleges that his mail was "tampered with, which is a federal crime." Complaint (#2) p. 1. Plaintiff's other pleadings also reference alleged criminal conduct. See, eg. Plaintiff's Brief (#31), p. 1. To the extent that plaintiff may be attempting to assert a criminal claim against defendants, his claim fails as a matter of law. The civil rights statutes do not provide for a private right of action to enforce criminal statutes.

Plaintiff's complaint does not allege sufficient facts to determine the nature of plaintiff's claim. However, when

5 - ORDER

plaintiff's complaint is considered in conjunction with his other pleadings, it may be liberally construed as alleging a claim for denial of access to the courts.[1]

In order to establish a claim for denial of access to the courts, an inmate must prove that he suffered an "actual injury." To establish an actual injury, the inmate must demonstrate a specific instance in which he was actually denied access to the courts. Lewis v Casey, 518 U.S. 343, 350-53 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.) 1989); Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).

In plaintiff's Brief (#31) he alleges: "Plaintiff was fighting with CRCI about his missing mail, he had to reduce the lawsuit, and when it got to federal Court it was a day late of the two year time limit, which the record on case #3:10-CV-575-BR, will prove."

Assuming plaintiff's allegation is intended to identify the actual injury in this case, it fails for the following reasons. 1.) The missing mail was addressed to the Multnomah County Clerk. Therefore, it could not have been relevant to or

---

[1] Defendants' Memorandum addresses a possible retaliation claim. However, plaintiff specifically alleges that his claim "has nothing to do with retaliation." Plaintiff's Brief (#31) p. 2, ¶ 6.

6 - ORDER

delayed the filing of federal case No. 3:10-CV-575-BR. 2.) If the missing mail contained a complaint in Davidson v. Williams, et al., Civ. No. 3:10-575-BR, its loss or delay did not hinder plaintiff's litigation of that matter. I take judicial notice that by Order (#46) entered May 23, 2010, defendants' Unenumerated 12B motion to dismiss was allowed and that case was dismissed without prejudice. Thus, plaintiff's statute of limitations argument is factually incorrect. The basis for dismissal of that action was plaintiff's failure to exhaust administrative remedies - which has nothing to do with any delay in the filing of the complaint.

Plaintiff has failed to identify any other actual injury arising from the loss of his mail and therefore fails to state a claim for denial of access to the courts.

Based on my finding above, I find that plaintiff has failed to establish a violation of his right of access to the courts (or any other constitutional right). However, assuming that some infringement may have occurred, I find that defendant Howell is entitled to qualified immunity. The Declaration of Milton Howell (#29) establishes that he processed plaintiff's letter in accordance with the Oregon

7 - ORDER

Administrative Rules.  Therefore, he cannot be found to have violated a clearly established constitutional right of which a reasonable correctional official would have known.  Brosseau v. Haugen, 543 U.S. 194, 202 (2004); Harlow v. Fitzgerald, 457 U.S. 800 (1982).

I find that there are no genuine issues of material fact remaining in this case and that defendants are entitled to judgment as a matter of law.  Defendants' Motion for Summary Judgment (#25) is allowed.  This action is dismissed.

IT IS SO ORDERED

*I certify that any appeal from this order would not be taken in good faith.*

DATED this 12 day of October, 2011.

*[signature]*
Ann Aiken
United State District Judge

8 - ORDER